UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      CASE NUMBER: 6:24-mj-2118

MICHAEL SCHEUER,

    Defendant.
_____/

## MOTION FOR PRETRIAL RELEASE

Defendant MICHAEL SCHEUER, by and through undersigned counsel, pursuant to 18 U.S.C. § 3142, hereby moves this Honorable Court to order

In support therefore, Mr. Scheuer states as follows:

1. On October 24, 2024, Mr. Scheuer was arrested based upon a criminal complaint alleging a violation of unlawful command, without authorization, to a protected computer causing damage in violation of 18 U.S.C. § 1030(a)(5)(A), after his previous counsel waived, without prejudice, a detention hearing. There are no presumptions of detention that attach to the statute.

2. Mr. Scheuer has struggled with mental health issues since his childhood. He has been actively seeing a psychiatrist for the past three years.

3. Prior to his arrest, Mr. Scheuer was admitted to Central Florida Behavioral Health from September 28, 2024 until October 2, 2024. On October 4, 2024, he began attending group therapy sessions three times per week. He was also scheduled to begin individualized therapy sessions at Elite DNA and had already completed the new patient

assessment. His initial therapy session at Elite DNA was scheduled for November 1, 2024. Undersigned counsel has confirmed that bedspace is available at either/both facilities.

    4. While incarcerated in the Orange County Jail, Mr. Scheuer is not permitted to take one of his prescribed medications. As a result, he has been in the detox facility since his arrest. After several days of not receiving an additional medication, he was able to start receiving one other prescription again. He is not receiving any mental health counseling or treatment in jail.

    5. Mr. Scheuer is confident that he can abide by the conditions of release and is eager to engage in counseling. Defendant's wife is comfortable that he will follow conditions of release after receiving the necessary counseling and in-patient care. She welcomes him back to the marital home when he is discharged.

    6. Mr. Scheuer can reside at the marital home in Winter Garden where the couple and their three minor children have lived since 2016. He has resided in Florida since 2007.

    7. There are no firearms inside the home. He has no prior arrests or convictions.

    8. Mr. Scheuer has retained undersigned counsel to represent him in this matter. Undersigned counsel has met with his client and there are no competency concerns. However, Mr. Scheuer appears to be in a fragile state of mind without his prescription medications and without counseling.

## **MEMORANDUM OF LAW**

### A. *The Applicable Law*

    Under the Bail Reform Act of 1984, a judicial officer is to detain a defendant pending trial only if "the judicial officer finds that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Section 3142 provides that the factors the Court is to consider in making the pretrial release or detention determination are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### B. Proposed Conditions of Release

9. As a condition of his release release, Mr. Scheuer would be transported directly to Central Florida Behavioral Hospital (CFBH) where he would be evaluated and begin treatment. Depending on the necessary length of his inpatient care, he could be transferred to La Amistad which is a sister-company of CFBH. Both facilities are lock-down facilities where patients do not have the ability to "walk away" and they have no access to cellular phones or the internet. Patients are permitted only limited calls to their spouse.

10. Following successful completion of the in-patient care, Mr. Scheuer is agreeable to being supervised by pretrial services. Primarily, he would follow the treatment/discharge plan of CFBH/Amistad that will include comprehensive treatment, medications, and intensive counseling sessions. He will surrender his passport, have no contact witnesses/employees of Company A, and follow the standard conditions of release. He is amenable to any other conditions the Court may deem necessary.

11. Mr. Scheuer does not pose a risk of flight. With the outlined conditions, he does not pose a danger to the community.

12. Should the Court require a Status Conference prior to any discharge from in-patient care, Mr. Scheuer will appear telephonically for such hearing.

13. Undersigned counsel has discussed this motion with AUSA Robert Sowell and he has indicated that the Government is presently seeking detention but is evaluating the residential treatment facilities and may be amenable to Mr. Scheuer's release for in-patient care once any unknown details are resolved.

### C. The Reasons for Permitting Mr. Scheuer's Pretrial Release

It is the Defendant's position that the proposed new conditions of release set forth above are sufficient to both assure the appearance of the defendant for court as well as the safety of the community.[1]

---

[1] For scheduling purposes, undersigned counsel will be travelling outside of the District on November 1, 2024 and again from November 8-11, 2024.

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 26TH day of October, 2024, I electronically filed the foregoing, with the Clerk of the Court, by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: AUSA Robert Sowell, Office of the United States Attorney, 400 W. Washington Street, Suite 300, Orlando, FL 32805.

*/s/David Haas*
DAVID HAAS
Florida Bar Number 0494674
Attorney for the Defendant
Haas Law, PLLC
201 S. Orange Avenue, Suite 1017
Orlando, Florida 32801
Telephone: (407) 755-7675
Facsimile: (321) 766-6027
E-mail: david@HaasLawPLLC.com
