# Exhibit 6

| | | |
|---|---|---|
| 2110 First Street, Suite 3-137<br>Fort Myers, Florida 33901<br>239/461-2200<br>239/461-2219 (Fax) | <br>**U.S. Department of Justice**<br>*United States Attorney*<br>*Middle District of Florida*<br>—————<br>**Main Office**<br>**400 North Tampa Street, Suite 3200**<br>**Tampa, Florida 33602**<br>813/274-6000<br>813/274-6358 (Fax) | 300 N. Hogan Street, Suite 700<br>Jacksonville, Florida 32202<br>904/301-6300<br>904/301-6310 (Fax) |
| 35 SE 1st Avenue, Suite 300<br>Ocala, Florida 34471<br>352/547-3600<br>352/547-3623 (Fax) | | 400 West Washington Street, Suite 3100<br>Orlando, Florida 32801<br>407/648-7500<br>407/648-7643 (Fax) |

Reply to: Orlando, FL                                                                                                                                            RDS

April 6, 2025

**Via Email**

Jennifer Trittipo
Jennifer_Trittipo@flmp.uscourts.gov

David Haas, Esq.
david@haaslawpllc.com

      Re:    *United States v. Michael Scheuer*, No. 6:25-cr-5-JSS-DCI

Hi Jennifer,

In response to Mr. Haas's letter of April 4, 2025, the government submits the following to clarify its position and otherwise respond to outstanding items:

- Para. 16: The government defers to the Factual Basis from the Plea Agreement. We also do not believe "Password01" was the password for the administrator accounts being referenced in this paragraph.

- Para. 24: Agreed.

- Para. 30: We'd defer to the Factual Basis. We also do not believe this characterization is accurate. As noted in the Factual Basis, the defendant was running continual DoS attacks (upwards of thousands of attacks on a single account per day), such that there would not have been any apparent stop-point where an employee could simply wait 15 minutes and then login. We also believe that the accounts needed to be affirmatively reset.

Page 2 of 3
April 6, 2025

- Paras. 31, 49, and 56: We'd defer to the Factual Basis. We believe these employees are victims for purposes of the relevant conduct and USSG enhancements. We do not believe there need be identifiable harm. We also do not know whether one or more of these victims is claiming any harm at this point. Lastly, we'd note that harm is not limited to economic harm (i.e., lost pay or financial impact) but would include noneconomic harm.

- Para. 37: Agreed.

- Paras. 40, 57, and 61: We'd defer to the Factual Basis. Also, paragraph 40 discusses the defendant's use of "virtual computers" or "virtual environments," which are different from the defendant's use of VPNs. Otherwise, we agree that VPNs are not uncommon; but the specific VPN used by the defendant (Mullvad) is much less common and reflects an elevated level of sophistication.

- Para. 48: Agreed.

- Paras. 50, 55: We agree with the loss amounts of $617,689 (Company A) and $70,087.50 (Company B). We believe Company A will be requesting restitution.

- Para. 58: We agree with Probation that the 2B1.1(b)(16) enhancement is applicable. It is not a defense to claim that the defendant believed the allergen alterations would be caught in the proofing process, as many of the alterations were discrete and specifically designed to avoid detection.

- Para. 61: We agree with Probation that the 3B1.3 enhancement is applicable. The defendant's specialized computer skills facilitated the commission and concealment of the offense. There is also no double-counting as this enhancement serves a distinct purpose from the sophisticated means enhancement.

- Para. 91: We defer to the medical records and request that they be directly quoted to avoid any ambiguity. We'd also note that a witness has in fact described the defendant's conduct as aggressive and threatening during the altercation that led to his termination, which appears to have been more than a mere disagreement. We agree that the defendant was initially suspended before being terminated shortly thereafter.

- 5k1.1: We agree with the assertions by defense counsel in item 14. However, we do not believe 5k1.1 is applicable because the defendant's acceptance of responsibility, including during his proffer, did not assist in the investigation or prosecution of "another person."

Page 3 of 3
April 6, 2025

- 5k2.13: This provision is not applicable. While the defendant's mental health issues may mitigate certain of his conduct, it cannot be said that he suffered from a "significantly reduced mental capacity" or did so throughout the course of the offenses.

        Sincerely,

        GREGORY W. KEHOE
        United States Attorney

By: /s/ Robert D. Sowell
     Assistant United States Attorney